IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MICHAEL E. MCKINZY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2365-CM |
| ) | No. 09-2648-CM |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. brings these consolidated actions *pro se*, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 against defendant BNSF Railway Railroad. This matter is currently before the court on Defendant's Motion for Summary Judgment (Doc. 146).

## I. Factual Background

Plaintiff filed a complaint alleging that defendant's termination and the rejection of subsequent applications for employment was a result of race discrimination and retaliation for complaints plaintiff had filed against defendant. As set out in the parties' briefs, the following facts are uncontested.[1]

Plaintiff is an African-American electrician. In January 2007, plaintiff interviewed for employment with defendant as a Suburban Services Electrician. Subsequent to the interview, defendant extended an offer of employment to plaintiff as an electrician's apprentice. Plaintiff was hired on February 20, 2007. He worked in the Chicago Division. Plaintiff was subject to a 60-day

---

[1] Plaintiff failed to specifically controvert any facts submitted by defendant; therefore, pursuant to D. Kan. Rule 56.1(a), all facts submitted by defendant are deemed admitted by plaintiff.

-1-

probationary period. Pursuant to an Agreement between the International Brotherhood of Electrical Workers and defendant, plaintiff was required to work sixty days before becoming eligible for seniority. Additionally, if during an employee's probationary period he or she is absent without prior approval or is tardy, or otherwise fails to comply with work rules and instructions, he or she will be immediately disqualified from the position and dismissed from service by BNSF. If an employee is disqualified during his or her probationary period, the employee is not eligible for rehire.

Beginning on March 21, 2007, plaintiff was instructed to report to work at 7:30 a.m. Plaintiff timely reported to work on March 21, 2007; however, on March 22, 2007, plaintiff did not report to work until 7:49 a.m.—nineteen minutes late. Defendant considered plaintiff's job performance unsatisfactory. Because plaintiff was tardy without prior approval during his probationary period, he would have been disqualified and dismissed from BNSF, but plaintiff voluntarily resigned his position on March 22, 2007. Plaintiff did not work for BNSF for 60 days.

Since his resignation, plaintiff has continued to apply for employment with BNSF. He has applied for over 450 jobs, including senior general attorney and human resources director even though plaintiff is not a licensed attorney and does not have a college degree. Defendant has not selected plaintiff for further employment because he resigned his employment, and would otherwise have been disqualified, during his probationary period. Plaintiff has not identified any non-African-American employees who were tardy during their probationary period and who were not disqualified or terminated. Nor has he identified any non-African-American employees whose employment with BNSF ended during their probationary period and who were subsequently rehired by BNSF.

Prior to bringing these lawsuits, plaintiff filed two separate charges of discrimination or retaliation against defendant with the EEOC. Plaintiff has since filed additional charges of discrimination and retaliation against defendant with the EEOC.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

## III. Discussion

Plaintiff alleges three claims: (1) disparate treatment based on race in violation of Title VII and Section 1981; (2) racially discriminatory failure to rehire in violation of Title VII and Section 1981; and (3) retaliation in violation of Title VII and Section 1981.

### *A. Race Discrimination*

As in this case, where direct evidence of discrimination is absent, race discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discrimination. 411 U.S. at 802. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. *Id.* at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a

genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—*i.e.* unworthy of belief." *Marx v. Schnuck Mkts. Inc.*, 76 F.3d 324, 327 (10th Cir. 1996). A prima facie case is a flexible standard, adjusted to fit "the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). The elements remain the same whether that case is brought under §§ 1981 or 1983 or Title VII. *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quotations omitted).

To make out a prima facie case of race discrimination based on disparate treatment, plaintiff must demonstrate (1) he was a member of a protected class; (2) he suffered an adverse employment action; and (3) similarly situated employees were treated more favorably. *Juarez v. Utah*, 263 F. App'x 726, 737 (10th Cir. 2008) (quoting *Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998). It is undisputed that plaintiff is a member of a protected class. The court need not address whether plaintiff's voluntary resignation was an adverse employment action because plaintiff has not identified a similarly situated individual outside of the protected group who was treated more favorably. Plaintiff has not established any facts that the adverse employment action occurred under circumstances which would give rise to an inference of unlawful discrimination; he was treated in accordance with BNSF's policies and procedures. Further, as discussed below, defendant had a legitimate non-discriminatory reason for its employment actions and plaintiff has not shown that defendant's proffered reason was pretextual.

To make out a prima facie case of race discrimination for failure to hire, plaintiff must demonstrate (1) he was a member of a protected class; (2) plaintiff was qualified for the position; (3) he suffered an adverse employment action (*e.g.*, he was rejected); and (4) plaintiff was treated less

favorably than others (*e.g.*, the position at issue remained open after the adverse employment action). *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004). It is undisputed that plaintiff is a member of a protected class and that he suffered an adverse employment action. But plaintiff cannot establish that he was qualified for the positions for which he applied or that that he was treated less favorably than others.

Plaintiff was not qualified for the positions with BNSF because he was not eligible for re-employment. Had plaintiff not resigned in 2007, he would have been dismissed and disqualified pursuant to BNSF's policies because he was tardy for work during his probationary period. Plaintiff has not submitted any evidence that he was treated less favorably than others. He has not pointed to a single individual who either resigned or was dismissed from service during the probationary period and who was later deemed qualified for employment and rehired by BNSF.

Additionally the court finds that defendant had a legitimate non-discriminatory reason for its employment actions. Plaintiff was tardy during his probationary period, and thus, subject to immediate disqualification and dismissal. He was not selected for rehire because employees who are dismissed from employment during their probationary period are not eligible for rehire; plaintiff would have been dismissed had he not resigned. Plaintiff has not shown that there is a genuine dispute of material fact as to whether BNSF's proffered reason for its actions is unworthy of belief. Plaintiff's conclusory allegations of speculation and conjecture do not create an inference that BNSF's stated reason for the employment decisions were pretextual and are not enough to avoid summary judgment. *See Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1267 (10th Cir. 2007). For these reasons, defendant's motion is granted with respect to plaintiff's race discrimination claims.

***B. Retaliation Claims***

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To successfully invoke this anti-retaliatory provision, plaintiff "must establish that retaliation played a part in the employment decision," *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008), by relying "on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation." *Id.* at 1225.

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye*, 516 F.3d at 1227 (quotation omitted). Plaintiff alleges that he was denied employment with defendant in retaliation for having filed previous charges of discrimination against it. Defendant does not dispute that plaintiff's EEOC filings are protected activity and that its failure to rehire him for various positions were adverse employment actions.

Plaintiff has failed to meet his burden to prove a prima facie case of retaliation because he cannot establish the third prong: a causal link between the protected activity and the employment actions. His mere assertion that there was a causal connection between defendant's failure to hire him and his prior complaints is insufficient. Even if he could establish a prima facie claim, plaintiff fails to properly controvert defendant's proffered explanation for the challenged action. As explained above, plaintiff has not shown that there is a genuine dispute of material fact as to whether BNSF's proffered reason was pretexual. Because plaintiff fails to offer any evidence that would suggest retaliation, defendant is entitled to summary judgment on plaintiff's claim.

### IV. Defendant's Request for Additional Costs and Fees

Although generally litigants are responsible for their own attorney's fees, a district court has the discretion to award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. 42 U.S.C. § 2000e-5(k); *Christiansburg Garment Co. v. Equal Opportunity Employment Comm'n*, 434 U.S. 412, 421–422 (1978) (also holding that the presence of bad faith will provide an even stronger basis for charging plaintiff with the attorney's fees incurred by defense of the suit). Defendant requests its fees, alleging plaintiff is a serial filer of frivolous lawsuits and that this lawsuit is part of ongoing abusive pattern.

The court recognizes that plaintiff has filed a multitude of cases in this court, not one of which has resulted in relief for plaintiff. But the court finds that the prior fee awards are the appropriate sanctions for plaintiff's actions in this litigation. The court finds that it is unnecessary to order plaintiff to pay additional fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 146) is granted.

Dated this 22nd day of July 2010, at Kansas City, Kansas.

                                      s/ Carlos Murguia
                                      **CARLOS MURGUIA**
                                      **United States District Judge**